## MASTEN *v.* AMERMAN.

*N. Y. Supreme Court, First District, Special Term; March,* 1888.

1. *Life insurance; creditors' right to premiums.*] Under *L.* 1870, c. 277,—providing that premiums in excess of $500 paid by the husband on a policy on his life for the wife's benefit, shall inure to the benefit of the husband's creditors,—a receiver in supplementary proceedings may maintain an action to ascertain the amount of such excess, to secure a lien on the policy, and to restrain the beneficiaries from assigning the policy.

2. *The same.*] Such an action may be maintained during the life of the policy.

Demurrer to complaint.

Arthur H. Masten, as receiver appointed in proceedings supplementary to execution of the property of Richard Amerman, a judgment debtor, brought this action against the said Richard Amerman, Eleanor Amerman, Frances H. Walker and The Equitable Life Assurance Society of the United States, to have an adjudication as to the amount of premiums in excess of $500 per annum, paid by the judgment debtor out of his funds and property on a life insurance policy, to secure a lien on the policy, and to restrain the beneficiaries from assigning or in any way disposing of the policy.

By statute* an insolvent may pay premiums on a policy

---

* *L.* 1870, c. 277, the statute referred to is as follows:

"It shall be lawful for any married woman, by herself, and in her name, or in the name of any third person, with his assent, as her trustee, to cause to be insured, for her sole use, the life of her husband, for any definite period, or for the term of his natural life, and, in case of her surviving such period or term, the sum or net amount of the insurance becoming due and payable, by the terms of the insurance, shall be payable to her to and for her own use, free from the claims of the representatives of the husband, or of any of his creditors, or any party

on his life, taken out in favor of his wife, to the extent of $500 per annum.

The allegations of the complaint, omitting formal parts, were as follows :

[Receivership in supplementary proceedings was alleged in the usual form, the judgment being alleged to be for the conversion of trust funds by defendant Amerman.]

" *Second.* That while said Richard Amerman was insolvent and a debtor to the said trust estates, his wife, the defendant Eleanor Amerman, by herself and in her name, caused the life of her said husband, Richard Amerman, to be insured for the term of his natural life by the defendant, The Equitable Life Assurance Society of the United States by the policy' of said society known as Number 60,099 for $20,000 for her benefit, in case of her surviving her said husband.

" That at the time of the issuance of said policy the said Richard Amerman, out of his property or funds, paid to said society the sum of $411.60, and paid semi-annually thereafter out of his property or funds, as premiums on the said policy, the sum of $411.60, up to and including August 28th, 1883, amounting in all to the sum of $10,701.60.

" That on February 28th, 1884, the premium was changed by said society, at the request of said Amerman, to an annual premium of $791.60. [The payment of numerous such premiums was alleged.]

" The premiums paid as aforesaid in each year, at the dates aforesaid or thereabouts, on said policy, from the time of its issuance up till the present time, out of the property or funds of the said Richard Amerman, by him in excess of $500 per annum, together amount to the sum of $4,917.36,

or parties, claiming by, through or under him. But, when the premium paid in any year out of the property or funds of the husband shall exceed $500, such exemption from such claims shall not apply to so much of said premium so paid as shall be in excess of $500, but such excess, with the interest thereon, shall inure to the benefit of his creditors."

the payment whereof was unlawful and in fraud of the creditors of the said Amerman.

" *Third.* That at the time said policy was taken out and issued as aforesaid, and at the times when each and all of said premiums were paid as aforesaid, the defendant, Richard Amerman, was insolvent, and had committed a large part, if not all of said conversion of said trust funds and was a debtor to said trust estates, said indebtedness being the basis of the aforesaid judgment, recovered as aforesaid, which judgment still remains unpaid ; that at the times of the payments of each and all of the said premiums, the said Richard Amerman was insolvent and a debtor to said trust estates as aforesaid.

" *Fourth.* That the said policies further provided that if the said Eleanor Amerman is not living on the death of said Richard Amerman, the same is to be for the benefit of the children of said Richard Amerman in said policy more particularly set forth ; reference to which policy in full will be made on the trial of this action.

" That the defendant Frances H. Walker is the only child of said Richard Amerman ; that she was born to him by a prior wife, now deceased.

" Wherefore the plaintiff demands judgment as follows :

" 1. That it be adjudged and decreed that the sum of $4,917.36, together with interest on [here followed the various sums alleged as payments, with the dates thereof] being component parts of said sum, is not exempt from the claims of the creditors of said Richard Amerman, but should inure and accrue to the benefit of said creditors, as represented by this plaintiff, receiver as aforesaid of the property and credits of said Amerman.

" 2. That the extent of the right and interest of the plaintiff in and to said policy by virtue of the payments aforesaid be ascertained and declared.

" 3. Than the plaintiff as such receiver be adjudged to have a lien on said policy and the benefits thereof to the extent of his interest therein as so ascertained and declared,

or that such other provision may be made for the due enforcement and protection of his rights as may be deemed just.

"4. That it be adjudged and decreed that whatever rights the defendant Frances H. Walker has in, to, or under said policy, are subordinate to the rights and claims of the plaintiff herein, as prayed for and demanded herein, and to each and every one of them.

"5. That the defendants and each of them be enjoined from in any way interfering with or disposing of the said policy or any interest therein, except to preserve the same.

"6. That the plaintiff, as receiver aforesaid, have such other and further relief as may be just, with costs against the defendants Amerman."

The defendants Richard Amerman, Eleanor Amerman and Frances H. Walker demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

*John H. Mann* (*Bristow, Peet & Opdyke*, attorneys), for the defendants, demurring.

*Charles A. Flammer*, for the plaintiff, opposed.

ANDREWS, J., after consideration, overruled the demurrers, and directed judgment for the plaintiff, according to the prayer of the complaint.